# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEON RICHARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-1919** |
| **DEPARTMENT OF THE NAVY** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 22). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Leon Richard, an African-American male, has worked as a pharmacist with the United States Navy for more than nine years. He alleges that in June 2015 he was directed by his supervisors to physically count dispensed medication at an open counter in public view. He refused to comply with the request because he avers that such would be a violation of the ethical code of conduct for licensed pharmacists. Plaintiff filed an informal complaint

1

with the Naval Office of Naval Relations regarding the unethical directive. He alleges that his refusal to comply with the request and his subsequent complaint resulted in retaliation and harassment. Specifically, he avers that he was stripped of administrative and supervisory duties, required to sign in and out of work, counseled regarding tardiness, and subjected to a hostile work environment of unethical and unprofessional treatment. Plaintiff brings claims for retaliation and hostile work environment under Title VII.

Defendant Richard V. Spencer, Secretary of the U.S. Department of the Navy, has filed the instant Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted. This Court will consider each of Plaintiff's claims in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

### A. Retaliation

As a federal employee, Plaintiff's claims are governed by the federal sector provision of Title VII, 42 U.S.C. § 2000e-16, which states that, "All personnel actions affecting employees . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." The Fifth Circuit has held that in order for a "personnel action" to be actionable, it must address an "ultimate employment decisions," namely "hiring, granting leave, discharging, promoting, and compensating."[8] The employment actions identified in Plaintiff's Complaint—removal of administrative and supervisory duties, added requirement to sign in and out of work, counseling on tardiness, and unethical and unprofessional treatment—do not rise to the ultimate employment decision standard. Accordingly, Plaintiff has not identified an

---

[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[8] Washington v. Veneman, No. 02-2678, 2004 WL 170315, at *5 (E.D. La. Jan. 27, 2004), *aff'd*, 109 F. App'x 685 (5th Cir. 2004); *see* Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995). Plaintiff cites to *Daniel v. U.S. Dep't of Homeland Sec.*, No. 15-3628, 2016 WL 5800983, at *6 (E.D. La. Oct. 5, 2016), for the proposition that the ultimate employment decision standard does not apply. However, the court in *Daniel* was considering a hostile work environment claim. *Id.*

adverse personnel action that resulted from his protected activity, and his retaliation claim is therefore dismissed.

### B. <u>Hostile Work Environment</u>

In his opposition, Plaintiff contends that he brings a claim for hostile work environment based on race. However, the Complaint is completely devoid of any facts that would suggest that his employer's actions were racially motivated. Indeed, throughout the Complaint Plaintiff contends that the alleged hostile work environment was in retaliation for reporting unethical conduct. Accordingly, Plaintiff's hostile work environment claim based on race is dismissed.

Plaintiff next contends that he brings a claim of retaliatory hostile work environment. Even assuming, without deciding, that a retaliatory hostile work environment claim is cognizable, Plaintiff's Complaint fails to sufficiently allege such.[9] In order to bring a hostile work environment claim, Plaintiff must allege that the harassment altered the "terms, conditions, or privileges" of his employment.[10] "For harassment . . . to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[11] "[N]ot only must the victim perceive the environment as hostile, the conduct must

---

[9] *See* Rowe v. Jewell, 88 F. Supp. 3d 647, 673 (E.D. La. 2015) (discussing the "lack of a definitive decision from the Fifth Circuit" regarding whether a claim for retaliatory hostile work environment is cognizable).

[10] Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002).

[11] *Id.*

also be such that a reasonable person would find it to be hostile or abusive."[12] Plaintiff's allegations, which essentially amount to a change in duties and increased oversight, do not rise to this level. Indeed, courts have held that changes to duty and schedule assignments and selective enforcement of policies are not sufficiently hostile to support a claim.[13] Plaintiff has not identified with particularity any additional "unethical and unprofessional" conduct. Accordingly, Plaintiff's hostile work environment claim is dismissed.

In light of Plaintiff's Complaint, Opposition, and the exhibits thereto, this Court finds that allowing Plaintiff to amend his Complaint would be futile. Plaintiff has not identified any allegation that could remedy the deficiencies discussed herein.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 11th day of May, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] E.E.O.C. v. WC&M Enters., Inc., 496 F.3d 393, 399 (5th Cir. 2007).
[13] See *Rowe*, 88 F. Supp. 3d at 675, and cases cited therein.